# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES ARNOLD CLIFTON,

    Plaintiff,

v.                                Case No. 6:15-cv-1604-Orl-37KRS

TITUSVILLE CENTER FOR SURGICAL
EXCELLENCE, LLC; TITAN HEALTH
OF TITUSVILLE, INC.; UNITED
SURGICAL PARTNERS
INTERNATIONAL, INC.; JAYESH
PATEL; and ROBERT B. MCSHANE,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants Jayesh Patel and Robert McShane's, [sic] Motion to Dismiss Counts Four, Five, and Six of the Complaint, and Incorporated Memorandum of Law (Doc. 21), filed November 16, 2015;

2. Plaintiff's Response in Opposition to Defendants', Patel and McShane, Motion to Dismiss Counts IV, V and VI of the Complaint and Incorporated Memorandum of Law (Doc. 22), filed November 24, 2015; and

3. Defendants Jayesh Patel and Robert McShane's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Counts Four, Five, and Six of the Complaint, and Incorporated Memorandum of Law (Doc. 26), filed December 10, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

## BACKGROUND[1]

Defendants Titan Health of Titusville, Inc. ("**Titan**") and United Surgical Partners International, Inc. ("**USPI**") own and operate Defendant Titusville Center for Surgical Excellence, LLC ("**TCSE**")—a surgical center that provides out-patient surgical services. (Doc. 1, ¶¶ 14–16.) TCSE's board of directors consists of licensed physicians who use TCSE to provide medical services to their patients. (*Id.* ¶ 19.) Defendants Jayesh Patel ("**Patel**") and Robert McShane (**"McShane"**) are two of TCSE's owners and board members. (*Id.* ¶¶ 28, 44.)

On October 17, 2010, Plaintiff James Clifton ("**Plaintiff**") began working for TCSE as a surgical nurse, and, in February 2012, he became TCSE's surgical center administrator. (*Id.* ¶¶ 21–22, 24.) During his employment as the surgical center administrator, Plaintiff discovered that Patel "was removing used, single-use devices . . . from the surgery center and re-using them in his private practice" in violation of federal law and FDA regulations. (*Id.* ¶¶ 28–31.) Plaintiff also discovered that TCSE employee Kelli Strobel ("**Strobel**")—who was involved in a personal, intimate relationship with McShane—was engaging in fraudulent billing practices. (*Id.* ¶¶ 41, 44, 47.) Plaintiff objected to Patel and Strobel's practices and reported their actions to his supervisor, management, and other members of the TCSE board of directors. (*Id.* ¶¶ 32–33, 42–43, 47–48, 50.) McShane confronted Plaintiff and threatened that if Plaintiff "pursued the issue further, then [his] job with [TCSE] would be in jeopardy." (*Id.* ¶¶ 45–46.) Strobel then

---

[1] The facts set forth in this Order are taken from the Plaintiff's Complaint (Doc. 1), are taken as true, and are construed in the light most favorable to Plaintiff, solely for the purpose of resolving the pending motion to dismiss. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are not the Court's findings of fact.

reinitiated her fraudulent billing practices through McShane's private practice with his knowledge and approval. (*Id.* ¶ 47.)

Patel and McShane commenced campaigns to interfere with Plaintiff's business relationship with TCSE (*id.* ¶¶ 35–39, 49), which ultimately led to TCSE's termination of Plaintiff (*id.* ¶ 50–51, 54). Upon obtaining a "right to sue" letter by the EEOC, Plaintiff initiated this action. (*Id.* ¶ 59.) Against TCSE, Titan, and USPI, Plaintiff alleges: (1) retaliatory termination in violation of Title VII (*id.* ¶¶ 61–76); (2) a violation of Florida's Whistleblower Act (*id.* ¶¶ 77–86); and (3) wrongful termination (*id.* ¶¶ 87–90). Additionally, Plaintiff alleges tortious interference with a business relationship against Patel (*id.* ¶¶ 91–99 ("**Count IV**") and McShane (*id.* ¶¶ 100–08 ("**Count V**")) and conspiracy to commit tortious interference with a business relationship against McShane and Patel (*id.* ¶¶ 109–17 ("**Count VI**")). Patel and McShane (collectively, the "**Movants**") move to dismiss Counts IV–VI pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Doc. 21; *see also* Doc. 26.) Plaintiff opposes. (Doc. 22.) The matter is ripe for adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss pursuant to Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal

---

[2] Defendants TCSE, Titan, and USPI answered the allegations. (Docs. 20, 25.)

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

A tortious interference cause of action exists only against third parties who are not parties to the business relationship. *See Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001); *Doran v. City of Clearwater, Fla.*, 814 F. Supp. 1079, 1080 (M.D. Fla. 1993) (citing *Days v. Fla. E. Coast Ry. Co.*, 165 So. 2d 434, 436 (Fla. 3d DCA 1964)); *O.E. Smith's Sons, Inc. v. George*, 545 So. 2d 298, 299 (Fla. 1st DCA 1989). Movants move to dismiss the claims against them, arguing that—as owners and board members of TCSE—they are not third parties to the relationship between Plaintiff and TCSE. (Doc. 21.)

Generally, a defendant "employee or representative of a contracting party must be considered as a party to the . . . relationship." *Centrifugal Air Pumps Australia v. TCS Obsolete, LLC*, No. 6:10-cv-820-Orl-31DAB, 2011 WL 202193, at *2 (M.D. Fla. Jan. 20, 2011) (citations omitted); *Licata v. Tri-State Emp't Servs., Inc.*, No. 8:11-cv-1846-T-33MAP, 2012 WL 447484, at *3 (M.D. Fla. Feb. 13, 2012) ("[T[he general rule is that 'an agent of a corporate party to a contract . . . cannot be considered to be a separate entity outside of the contractual relationship.'" (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). It is undisputed that Movants are, therefore, parties to the relationship. However, a narrow exception to the general rule permits liability for tortious interference when the defendant "acts outside the scope of his employment 'solely with ulterior purposes' and not in the principal employer's best interest." *Alexis v. Ventura*, 66 So. 3d 986, 988 (Fla. 3d DCA 2011) (citation omitted); *O.E. Smith's Sons*, 545 So. 2d

at 299; *Sloan v. Sax*, 505 So. 2d 526, 528 (Fla. 3d DCA 1987). Plaintiff contends that Movants fall within the exception and are subject to liability. (Doc. 22.) Movants counter that they are not subject to the exception because—as owners and board members of TCSE—they are, indeed, the principal employer. (Doc. 26.) At this stage of the proceedings, the Court disagrees with Movants.

When evaluating whether a defendant acted in the "principal employer's" best interest, courts look at the interest of the corporation, not its owners or board members. *See, e.g.*, *O.E. Smith's Sons*, 545 So. 2d at 300 (stating that it was for the trier of fact to determine whether the defendant employee's actions were made "for the furtherance of the *corporation's* interests or for [the defendant's] interests with no benefit *to the corporation*") (emphasis added); *Licata,* 2012 WL 447484, at *4. Thus, for purposes of resolving the pending Motion, the Court rejects Movants' contention that they are the principal employers and concludes that TCSE is the principal employer.[3] *See Licata*, 2012 WL 447484, at *3 (concluding that the president and chairman of the board of a company did not fall within the narrow exception *only because* the plaintiff did not allege facts sufficient to show that the defendant acted solely to the detriment of the employer company—thereby implying that the president and chairman was not the principal employer and was subject to the exception).

The Court must now determine whether Plaintiff sufficiently alleged that Movants acted with ulterior purposes not in the principal employer's best interest to be deemed

---

[3] Movants argue that Plaintiff "has not cited and cannot cite, any cases involving individuals that are owners and members of the board of directors of the employer . . . **and** who fall within the exception." (Doc. 26, p. 2.) While true, the same critique can be applied to Movants, as they did not cite any cases holding that an owner or board member is *not* subject to the exception.

third parties to the business relationship. "Courts have found allegations that the defendant acted outside the scope of employment, acted to the detriment of the employer, and acted without honest belief that his action would benefit the employer are necessary and sufficient to classify an agent as a third party." *Licata*, 2012 WL 447484, at *3–4. On the facts alleged in the Complaint (*see* Doc. 1, ¶¶ 27, 35, 38, 39, 46, 49), Movants fall within the exception. Plaintiff alleges that, in seeking to obtain Plaintiff's termination—even though Plaintiff's services amounted to "cost reductions, increased usage of the surgical facility by third-party physicians and increased profitability of the surgical center" (*id.* ¶¶ 27, 35, 38)—Patel removed his personal business from the surgical center "[i]n order to reduce the profitability of the surgical center" (*id.* ¶ 39). Additionally, Plaintiff alleges that McShane staged a campaign against Plaintiff to obtain Plaintiff's termination, which was: (1) only in Defendant McShane's interest—to prevent Plaintiff from objecting to McShane and Strobel's practices (*id.* ¶¶ 46, 49); and (2) not in the interest of TCSE, as Plaintiff's services amounted to "cost reductions, increased usage of the surgical facility by third-party physicians and increased profitability of the surgical center" (*id.* ¶ 38). These allegations—taken as true and in the light most favorable to Plaintiff—suggest that Movants acted to the detriment of TCSE and without the honest belief that their actions would benefit TCSE. *See Sloan*, 505 So. 2d at 528.

Having found the allegations of the Complaint sufficient to qualify Movants as third parties, the Court turns to the remaining elements of the claims. To adequately plead a claim for tortious interference with a business relationship, Plaintiff must allege: (1) the existence of a business relationship; (2) the Movants' knowledge of the business relationship; (3) the Movants' intentional and unjustified interference with the relationship;

and (4) damages. *Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). Plaintiff alleges: (1) the existence of a business relationship in that he was employed by TCSE (Doc. 1, ¶¶ 21, 24, 93, 102); (2) that the Movants' were aware of the business relationship as they were owners and board members of TCSE and knew that Plaintiff was employed by TCSE (*see id.* ¶¶ 28, 35, 44, 46, 95, 104); (3) that the Movants' intentionally and unjustifiably interfered with the relationship by commencing campaigns to terminate Plaintiff after Plaintiff reported their wrongful conduct, creating a hostile work environment for Plaintiff, and notifying other board members that Plaintiff was performing poorly (*id.* ¶¶ 35–37, 45–46, 49, 96, 105); and (4) damages in the form of wrongful termination, loss of income, and severe emotional distress (*id.* ¶ 50–51, 57–58, 97, 106). Thus, Counts IV and V are sufficiently pled to survive the motion to dismiss.

To state his claim for civil conspiracy, Plaintiff must allege: (1) a conspiracy between two or more parties to do an unlawful act—in this case, to tortiously interfere with Plaintiff's employment relationship; (2) the doing of some overt act in pursuance of the conspiracy; and (3) resulting damages. *Armbister v. Roland Int'l Corp.*, 667 F. Supp. 802, 809 (M.D. Fla. 1987). Plaintiff adequately alleges each of these elements. In addition to the allegations pertaining to Movants' acts amounting to tortious interference and Plaintiff's damages, Plaintiff alleges that Movants "combined together to accomplish the common purpose of terminating [Plaintiff's] business relationship with [TCSE]" by "falsely represent[ing] to the other members of the Board . . . that Plaintiff performed poorly in his position and should be removed from the position." (Doc. 1, ¶¶ 111–12; *see also* ¶¶ 35–37, 45–46, 49, 50–51, 57–58, 114–15.) As pled, Count VI also survives the motion to dismiss.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Jayesh Patel and Robert McShane's, [sic] Motion to Dismiss Counts Four, Five, and Six of the Complaint, and Incorporated Memorandum of Law (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 19, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record