**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES ARNOLD CLIFTON,

        Plaintiff,

v.                                                    Case No. 6:15-cv-1604-Orl-37KRS

TITUSVILLE CENTER FOR SURGICAL
EXCELLENCE, LLC; TITAN HEALTH
OF TITUSVILLE, INC.; UNITED
SURGICAL PARTNERS
INTERNATIONAL, INC.; JAYESH
PATEL; and ROBERT B. MCSHANE,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.     Defendants Titusville Center for Surgical Excellence, LLC, Titan Health of Titusville, Inc., United Surgical Partners International, Inc.'s Motion to Dismiss Counts One, Two[,] and Three of the Verified Complaint, With Incorporated Memorandum of Law (Doc. 34), filed June 13, 2016;

2.     Plaintiff's Response in Opposition to Defendants', Titusville Center for Surgical Excellence, LLC, Titan Health of Titusville, Inc., United Surgical Partners International, Inc., Motion to Dismiss Counts I–III of the Complaint and Incorporated Memorandum of Law (Doc. 35), filed June 27, 2016; and

3.     Defendants Titusville Center for Surgical Excellence, LLC, Titan Health of Titusville, Inc., United Surgical Partners International, Inc.'s Motion for Leave to File a Reply (Doc. 38), filed June 30, 2016.

Upon consideration, the Court finds that the motions are due to be denied.

## BACKGROUND[1]

Defendants Titan Health of Titusville, Inc. ("**Titan**") and United Surgical Partners International, Inc. ("**USPI**") own and operate Defendant Titusville Center for Surgical Excellence, LLC ("**TCSE**", together with Titan and USPI, the "**Corporate Defendants**"))— a surgical center that provides out-patient surgical services. (Doc. 1, ¶¶ 14–16.) TCSE's board of directors consists of licensed physicians who use TCSE to provide medical services to their patients. (*Id.* ¶ 19.) Defendants Jayesh Patel ("**Patel**") and Robert McShane ("**McShane**") are two of TCSE's owners and board members. (*Id.* ¶¶ 28, 44.)

On October 17, 2010, Plaintiff James Clifton ("**Plaintiff**") began working for TCSE as a surgical nurse, and, in February 2012, he became TCSE's surgical center administrator ("**SCA**"). (*Id.* ¶¶ 21–22, 24.) During his employment as the SCA, Plaintiff discovered that Patel "was removing used, single-use devices . . . from the surgery center and re-using them in his private practice" in violation of federal law and FDA regulations. (*Id.* ¶¶ 28–31.) Plaintiff also discovered that TCSE employee Kelli Strobel ("**Strobel**")— who was involved in a personal, intimate relationship with McShane—was engaging in fraudulent billing practices. (*Id.* ¶¶ 41, 44, 47.) Plaintiff objected to Patel and Strobel's practices and reported their actions to his supervisor, management, and other members of the TCSE board of directors. (*Id.* ¶¶ 32–33, 42–43, 47–48, 50.) McShane confronted Plaintiff and threatened that if Plaintiff "pursued the issue further, then [his] job with [TCSE] would be in jeopardy." (*Id.* ¶¶ 45–46.) Strobel then reinitiated her fraudulent billing

---

[1] The facts set forth in this Order are taken from Plaintiff's Complaint (Doc. 1), are taken as true, and are construed in the light most favorable to Plaintiff, solely for the purpose of resolving the pending motion to dismiss. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are not the Court's findings of fact.

practices through McShane's private practice with his knowledge and approval. (*Id.* ¶ 47.)

Patel and McShane commenced campaigns to interfere with Plaintiff's business relationship with TCSE (*id.* ¶¶ 35–39, 49), which ultimately led to TCSE's termination of Plaintiff (*id.* ¶ 50–51, 54). Upon obtaining a "right to sue" letter by the EEOC, Plaintiff initiated this action. (*Id.* ¶ 59.) Against TCSE, Titan, and USPI, Plaintiff alleges: (1) retaliatory termination in violation of Title VII (*id.* ¶¶ 61–76 ("**Count I**")); (2) a violation of Florida's Whistleblower Act ("**FWA**") (*id.* ¶¶ 77–86 ("**Count II**")); and (3) wrongful termination (*id.* ¶¶ 87–90 ("**Count III**")). Additionally, Plaintiff alleges state law claims against Patel and McShane (collectively, the "**Individual Defendants**"). (*Id.* ¶¶ 91–117 ("**Counts IV–VI**").)

The Individual Defendants previously moved to dismiss Counts IV–VI pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 21), which the Court denied (Doc. 31). To date, all Defendants have answered. (Docs. 20, 25, 32, 33.) Nevertheless, the Corporate Defendants now move for dismissal of Counts I–III pursuant to Rule 12(b)(6). (Doc. 34 ("**Motion**").) Plaintiff opposes (Doc. 35 ("**Response**")), and the matter is ripe for adjudication.[2]

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss pursuant to Rule 12(b)(6), the

---

[2] The Corporate Defendants seek leave to file a reply, which Plaintiff does not oppose so long as he can file a sur-reply. (Doc. 38 ("**Request for Reply**").) Upon consideration of the Motion, Response, Request for Reply, and pertinent authorities, and to prevent delay in resolution of the Motion and action—which was filed nearly ten months ago—generally, the Court finds that a reply is unnecessary. *See* Local Rule 3.01(c) (providing the Court discretion to permit leave to file a reply).

Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

A Rule 12(b)(6) motion must be made before the party files a responsive pleading. Fed. R. Civ. P. 12(b). However, the Court should construe a post-answer Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure (12)(c). *Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. July 20, 2009) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1104 n.63 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)). "[T]he standard of review for considering a motion that raises the defense of failure to state a claim is the same under Rule 12(b)(6) and Rule 12(c)." *Hogan*, 2009 WL 2169850, at *3; *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1195 n.8 (11th Cir. 2002).

## DISCUSSION

The Corporate Defendants filed their Rule 12(b)(6) Motion after answering the Complaint, arguing that Plaintiff failed to state a claim for relief. (*See* Docs. 20, 25, 34.) Thus, the Court construes the Motion as one for judgment on the pleadings pursuant to Rule 12(c) and applies the same legal standard as it would in reviewing a motion pursuant to Rule 12(b)(6). *See Hogan*, 2009 WL 2169850, at *3; *see also Strategic Income Fund*,

305 F.3d at 1195 n.8; *Salanitro v. U.S. Office of Personnel Mgmt., Ret. Operations Div.*, No. 3:10-cv-363-J-32JBT, 2011 WL 2670076, at *1 (M.D. Fla. July 8, 2011) ("When a motion filed pursuant to [Rule 12(c)] raises a [Rule 12(b)(6)] defense, the court should apply the same standard used to evaluate a . . . 12(b)(6) motion." (citation omitted)).

Counts I–III are supported by allegations that Plaintiff was terminated after he availed himself of his rights under the FWA. (*See* Doc. 1, ¶¶ 65, 80, 88–89.) To avail himself of the protections of the FWA, Plaintiff must have: (1) "[d]isclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation"; (2) [p]rovided information to . . . any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer; or (3) "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102.

The Corporate Defendants argue that Plaintiff failed to identify a specific law, rule, or regulation allegedly violated by the Defendants as required by the FWA; therefore, they argue, Counts I–III should be dismissed. (Doc. 34.) The Court disagrees. A "'law, rule, or regulation,' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). Plaintiff alleges that he objected to Patel's actions that "constituted a violation of federal law and FDA regulations, particularly the Medical Device User Fee and Modernization Act ("MDUFMA") and enforcement FDA regulations promulgated in relation to the MDUFMA." (Doc. 1, ¶ 31.) Further, and

importantly, Plaintiff explains *how* Patel' actions violated the FDA and MDUFMA, i.e., by: (1) not reconditioning the devices by a permitted reconditioning company; and (2) removing "large numbers" of devices "from the surgical center to his private office" and "re-us[ing] portions of the medical equipment" "[i]nstead of appropriately disposing of the used devices as hazardous medical material."[3] (*Id.* ¶¶ 28–30.) In light of these allegations, the Court finds that Counts I–III survive judgment based on the pleadings.[4] Indeed, Counts I–III are better left for resolution upon completion of discovery.

The Corporate Defendants do not cite any binding authority in support of their Motion. Moreover, their cited authorities are distinguishable. For example, in *Wolfe v. Pac. Nat'l Bank*, the court dismissed a complaint in which the plaintiff alleged claims based on his objection to his employer's violation of a Consent Order. No. 09-21531, 2010 WL 5888778, at *5–7 (S.D. Fla. Dec. 28, 2010), *adopted in* 2011 WL 772853 (S.D. Fla. Feb. 28, 2011). The *Wolfe* court concluded that the order—which was issued by an executive agency, rather than being adopted by a legislative body—"simply is not a statute, ordinance, rule, or regulation." *Id.* Here, Plaintiff alleges a violation of a specific federal law—the MDUFMA—which is distinguishable from a violation of an agency's consent order. (Doc. 1, ¶ 31.) The Corporate Defendants' reliance on *Bush v. Raytheon Company* is also misguided for similar reasons, not to mention the fact that *Bush* was

---

[3] Such allegations distinguish this case from *Stubblefield v. Follett Higher Educ. Grp., Inc.*, in which the court dismissed the plaintiff's FWA claim that was predicated on plaintiff's objection to an alleged violation of Florida's Deceptive and Unfair Trade Practice Act ("**FDUTPA**") for failure to include allegations supporting how the challenged conduct violated FDUTPA. No. 8:10-cv-824, 2010 WL 2025996, at *2–3 (M.D. Fla. May 20, 2010).

[4] Plaintiff did not, however, identify a law, rule, or regulation as a basis for his objections to McShane's conduct; as such, his objections concerning McShane's alleged violations of law are not actionable. *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV, 2010 WL 2035546, at *8 (S.D. Fla. May 24, 2010).

resolved on summary judgment. *See* 373 F. App'x 936, 940 (11th Cir. 2010) (affirming summary judgment in favor of the defendant because "a funding statement delineating the terms of engineering services under a government contract . . . [] is not a law, rule[,] or regulation enacted by a legislative or administrative body," and concluding that the insinuation that the violation of the funding statement equated to a violation of the False Claims Act was insufficient to support the plaintiff's prima facie case).

This case is equally distinguishable from *Pinto v. Microsoft Corp.*, where the court dismissed a complaint in which the plaintiff described the allegedly illegal conduct that her employer engaged in but altogether failed "to include citations to laws, rules, or regulation[s]" that the employer allegedly violated. No. 12-60509-CIV, 2012 WL 4479059, at *3–4 (S.D. Fla. Sept. 28, 2012). Here, Plaintiff sufficiently describes Patel's allegedly illegal conduct *and* identifies the law and regulation that he allegedly violated. Accordingly, Counts I–III survive the motion to dismiss to the extent that they are predicated on Plaintiff's objection to Patel's alleged violations of the MDUFMA.[5]

To the extent that the Motion is supported by the results of ongoing discovery, the Court finds that the Motion is due to be denied, as it exceeds to the scope of the Court's consideration on this Motion.[6] *See La Grasta*, 358 F.3d at 845 (prohibiting the Court from looking beyond the "the well-pleaded factual allegations, documents central to or

---

[5] Going forward, however, Plaintiff must be able to identify the particular provisions of the MDUFMA that form the basis for his objections. *See Little*, 2010 WL 2035546, at *9.

**[6]** The Corporate Defendants acknowledge that they waited to move for dismissal until they could take Plaintiff's deposition and serve discovery in an attempt to discover the factual basis for Counts I–III, and that "throughout discovery . . . Plaintiff has still not identified any specific laws, rules], or regulations that Defendants allegedly violated and which form the basis of his FWA claim." (Doc. 34, pp. 2–3; *see also id.* at 8.)

referenced in the complaint, and matters judicially noticed"). Defendant may relitigate this issue upon the close of discovery in a dispositive motion, if appropriate.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      Defendants Titusville Center for Surgical Excellence, LLC, Titan Health of Titusville, Inc., United Surgical Partners International, Inc.'s Motion to Dismiss Counts One, Two[,] and Three of the Verified Complaint, With Incorporated Memorandum of Law (Doc. 34) is **DENIED**.

2.      Defendants Titusville Center for Surgical Excellence, LLC, Titan Health of Titusville, Inc., United Surgical Partners International, Inc.'s Motion for Leave to File a Reply (Doc. 38) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 29, 2016.


ROY B. DALTON JR.
United States District Judge


Copies:

Counsel of Record