**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES ARNOLD CLIFTON,

        Plaintiffs,

v.                                     Case No. 6:15-cv-1604-Orl-37KRS

TITUSVILLE CENTER FOR SURGICAL
EXCELLENCE, LLC; TITAN HEALTH
OF TITUSVILLE, INC; UNITED
SURGICAL PARTNERS
INTERNATIONAL, INC; JAYESH
PATEL; and ROBERT B. MCSHANE,

        Defendants.

---

**ORDER**

This cause is before the Court on the following:

1. U.S. Magistrate Judge Karla R. Spaulding's Order Denying Defendants' Motion to Strike and Motion to Seal (Doc. 76), filed September 12, 2016;

2. Defendants' Objections to Magistrate Judge's Order [Dkt. 76] (Doc. 77), September 26, 2016; and

3. Plaintiff's Response to Defendants' Objection to Magistrate Order [Dkt. 76] (Doc. 78), filed October 8, 2016.

Upon consideration, the Court finds that Defendants' objections are due be overruled and U.S Magistrate Judge Karla R. Spaulding's Order is due to be affirmed.

Plaintiff initiated this employment discrimination action on September 25, 2015. (Doc. 1.) During the course of litigation, the parties settled the action. (Docs. 70, 71.) Following settlement, Defendants filed two "unopposed" motions: (1) to strike certain allegations in the Verified Complaint pursuant to Federal Rule of Civil Procedure 12(f)

(Doc. 72 ("**Motion to Strike**")); and (2) to file documents under seal (Doc. 73 ("**Motion to Seal**")). Specifically, Defendants contended that certain portions of the Verified Complaint and various court filings contained "scandalous allegations" and that the record Defendants wished to file under seal was "not relevant to any public officials or public concern." (*See* Docs. 72, 73.)

On September 12, 2016, U.S. Magistrate Judge Karla R. Spaulding granted the Motion to Strike in part and denied the Motion to Seal. (Doc. 76 ("**Order**").) In her Order, Magistrate Judge Spaulding noted that Defendants request to strike portions of the Verified Complaint was untimely. (*Id.*) According to Rule 12(f), Defendants were required to file such a motion "before responding to the pleading." Further, because Rule 12(f) only applies to *pleadings* it was inapplicable to other portions of the record that Defendants sought to strike. Magistrate Judge Spaulding, however, struck the proposed amended complaint, as the Court did not permit this filing. (Doc. 76, p. 2.)

As to Defendants' Motion to Seal, Magistrate Judge Spaulding denied the motion on grounds that: (1) the filing of the documents under seal *contemporaneously* with the motion was not appropriate under Local Rule 1.09(a); and (2) sealing record citations and relevant allegations in the Verified Complaint was neither necessary nor appropriate. (*Id.* at 3.)

Defendants now object to the Order on the grounds that the prejudicial effect of allegations in the Verified Complaint and other filings are self-evident as they "impugn [Defendants'] character, credibility and, potentially, their professional licenses." (Doc. 77.) Defendants contend further that they would have moved to remove such allegations after the close of discovery had the matter not settled. (*Id.* at 3.) Defendants then speculate

that, absent settlement, they would have filed and prevailed on their dispositive motions. (*Id.* at 4.) Ultimately, Defendants maintain that denial of their motions sends a message that parties should first file dispositive or other motions and wait for disposition as opposed to trying to efficiently resolve them through settlement. (*See id.*)

A district court judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). If any party disagrees with the magistrate judge's decision, he must file objections to the decision within fourteen days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). When an objection is made to a determination on a non-dispositive matter, the district judge must review the magistrate judge's decision for clear error. Fed. R. Civ. P. 72(a) (setting "aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.").

To that end, district courts afford considerable deference to the magistrate's order below and will only set aside those portions of the order that "leave the district judge 'with the definite and firm conviction that a mistake has been committed.'" *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1346–47 (M.D. Fla. 2013) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). Accordingly, the question before the district judge is whether the magistrate's order "is reasonable and supported by the record," not that it is "the best or only conclusion that can be drawn from the evidence" or even the conclusion that the district judge would draw. *Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-125-Orl-40GJK, 2016 WL 6080988, at *1 (M.D. Fla. Oct. 18, 2016).

In the Order, Magistrate Judge Spaulding examined the mechanics of Rule 12(f)

and appropriately applied it to the facts here. Indeed, Magistrate Judge Spaulding recognized that Rule 12(f) permits the Court to *sua sponte* strike allegations from pleadings; however, she found such relief unwarranted, as the allegations Defendants sought to strike were related to the controversy at the time the action was commenced. (Doc. 76, p. 2.)

Additionally, under Local Rule 1.09(a), when a party seeks to seal documents, the movant may not file any item proposed for sealing until the Court grants the motion. Magistrate Judge Spaulding correctly noted that Defendants' voluminous filings should not have been filed contemporaneously with the Motion to Seal. (*Id.* at 3.) Relying on the same reasoning for denying the Motion to Strike, Judge Spaulding found the request to seal also unjustified and inappropriate. (*Id.*)

The Court is not persuaded that good cause exists to excuse Defendants' late filing of the Motion to Strike. Nearly a year passed between the initiation and settlement of this matter, and in that time period Defendants made no effort to remove the alleged "scandalous allegations" from the public docket. To permit such post hoc scrubbing of the record frustrates the express time limits provided for in Rule 12(f).

Based on the foregoing, the Court finds no error in Magistrate Judge Spaulding's Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Objections to Magistrate Judge's Order [Dkt. 76] (Doc. 77) are **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Order Denying Defendants' Motion to Strike and Motion to Seal (Doc. 76) is **AFFIRMED**.

    3.    The Clerk is **DIRECTED** to **RETURN** Exhibit A (Doc. 73-1) to Defendants.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record